United States District Court
Southern District of Texas
**ENTERED**
May 06, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **TERRIECE RANDLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:24-cv-4758 |
| | § | |
| **ALEKSEI GRAHAM,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Pending before the Court[1] is Defendant Aleksei Graham's ("Defendant")
Motion to Dismiss Pursuant to Rule 12(b) ("Motion") (ECF No. 3). Based on a
review of the motion, arguments, and relevant law, the Court
**RECOMMENDS** Defendant's Motion (ECF No. 3) be **GRANTED** and
Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE.**

## I.    Background[2]

On October 23, 2024, Plaintiff filed a Small Claims Petition ("Petition")
in Justice of the Peace Court Precinct 5, Place 1, Harris County, Texas,
asserting causes of action for "wrongful arrest, humiliation, painful suffering,

---

[1] On December 31, 2024, this case was referred to the Undersigned for all purposes
pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF
No. 5).

[2] "When considering a motion to dismiss, the court accepts as true the well-pled factual
allegations in the complaint, and construes them in the light most favorable to the plaintiff."
*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

towed car, [and] damaged car," against Defendant, a Houston Police Officer. (ECF Nos. 1-1—1-2; ECF No. 3 at 4). No other factual allegations are contained in the Petition. Defendant was served with citation and summons on November 11, 2024 (ECF No. 3 at 4). On December 4, 2024, Defendant removed this case to federal court, invoking this Court's federal question jurisdiction, under Title 42 U.S.C. § 1983, on Plaintiff's construed claims of excessive force and unlawful incarceration. (ECF No. 1).

On December 12, 2024, Defendant filed the instant Motion (ECF No. 3) seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, Defendant argues Plaintiff's Title 42 U.S.C. § 1983 claims "do not implicate the violation of any constitutionally guaranteed right," are barred by the two-year statute of limitations, and do not state any negligence claim within the Texas Tort Claims Act's limited waiver of immunity. (ECF No. 3 at 8). Defendant further claims he is entitled to qualified immunity. (*Id*. at 13). Plaintiff did not file a response; thus the "motion will be taken as representation of no opposition." S.D. TEX. LOC. R. 7.4.

## II.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED.

R. Civ. P. 12(b)(6).  A motion under this Rule "must be read in conjunction with Rule 8(a), which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Crabtree v. Thibodeaux*, No. 6:22-cv-437, 2022 18216077, at *1 (E.D. Tex. Dec. 21, 2022), *report and recommendation adopted*, No. 6:22-cv-437, 2023 WL 149992 (E.D. Tex. Jan. 10, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).  In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Dismissal of a complaint may be warranted where the plaintiff fails to "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570. Statements of fact merely creating a suspicion of a right of action are insufficient.  *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

3

Further, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "A pleading offering 'labels and conclusions' or a formulaic recitation of the elements of a cause of action' will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement." *Crabtree*, 2022 WL 18216077, at *1 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater*

4

*Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). However, "even with *pro se* litigants, 'conclusory allegations or legal conclusions masquerading as factual conclusions,' are not sufficient for a well-pleaded complaint." *Crabtree*, 2022 WL 18216077, at *2 (quoting *Taylor*, 296 F.3d at 378) (quoting *S. Christian Leadership Conf. v. Supreme Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). A plaintiff has not shown entitlement to relief if the facts alleged in the complaint do not allow the court to infer more than a mere possibility of misconduct. *Id.* (citing FED. R. CIV. P. 8(a)(2)).

Dismissal is appropriate if the complaint lacks factual allegations on any element required to obtain relief. *Id*.

While Plaintiff's bare bones, conclusionary, and factually devoid petition fails to meet the pleading requirements under Rule 8(a), and should be denied solely for that reason, the Court evaluates whether Plaintiff has asserted any right to relief.

## III.  Discussion

### A.    Judicial Notice

As the Petition is devoid of any additional factual allegations, Defendant requests the Court take judicial notice of criminal charges, where Defendant arrested Plaintiff, in Harris County criminal case numbers 242934801010 and 242934901010, filed on October 23, 2022. (ECF No. 3 at 7; ECF Nos. 3-1–3-8). These cases charged Plaintiff with evading arrest by unlawfully and intentionally fleeing from Defendant, a peace officer, and interfering with public duties of a police officer by failing to comply with [Plaintiff's] command. (ECF Nos. 3 at 7; 3-1–3-3; 3-5–3-7). Both cases were later dismissed based on insufficient evidence. (ECF No. 3 at 7; ECF Nos. 3-4, 3-8).

In deciding a 12(b)(6) motion, a court may take judicial notice of matters of public record. *Holmes v. White*, 718 F. Supp. 3d 585, 594 (E.D. La. 2024) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel*

*v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994))). Criminal state court records are matters of public record. *Id.* (citing *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020)). Thus, this Court takes judicial notice of the aforementioned state court criminal filings to the extent "they say what they say," but does not take notice as to the truthfulness of any of the underlying facts in those cases. *Id.* at 595 (quoting *Luv n' care Ltd. v. Jackel Int'l Ltd.*, 502 F. Supp. 3d 1106, 1110 (W.D. La. 2020) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 n.18 (5th Cir. 1998))).

### B.    Title 42 U.S.C. § 1983

Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights. 42 U.S.C. § 1983. Importantly, § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). To prevail upon a § 1983 claim, a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

Defendant argues that Plaintiff's "one-line conclusionary statement . . . does not make any direct allegation against [] Defendant Graham," is vague, and "fails to plausibly allege the violation of any actionable constitutional right by Officer Graham." (ECF No. 3 at 9). The Court agrees. Before addressing any immunity arguments, which Defendant raises, the Court must first determine whether Plaintiff has asserted a violation of a constitutional right at all. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 98 (5th Cir. 1994) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). "We have interpreted *Siegert* as first requiring the determination whether the plaintiff has stated a constitutional violation before reaching the qualified immunity issue." *Id*. (citing *White v. Taylor*, 959 F.2d 539, 545 n.4 (5th Cir. 1992)).

Plaintiff's sole allegations in his small claims petition allege causes of action against Defendant for "wrongful arrest, humiliation, painful suffering, towed car, [and] damaged car," and seeks $20,000.00 in damages. (ECF No. 1-1). No other facts are alleged and Plaintiff never responded to Defendant's Motion. The charging documents against Plaintiff show he was arrested on October 23, 2022, for evading arrest or detention and interference with public duties, occurring on or about January 27, 2022. (ECF Nos. 3-1, 3-5). Plaintiff has not alleged any facts describing why the arrest was unlawful, how he was humiliated, what caused his painful suffering, or what led to his car being

towed and allegedly damaged. As such, Plaintiff has not alleged any facts to establish a constitutional violation or that Defendant committed a constitutional violation while acting under the color of state law.[3] Thus, dismissal is warranted as his bare-bones allegations fail to plausibly state any claim for relief under § 1983.

## C.    Qualified Immunity

Even if Plaintiff had plausibly alleged a claim under § 1983, Defendant claims he is entitled to qualified immunity. (ECF No. 3 at 13).

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (internal quotations omitted). The purpose of qualified immunity is not only to protect officials from harassment, distraction, and liability when they perform their duties reasonably, but also to hold public officials accountable when they exercise their powers irresponsibly. *Id.* An official is not entitled to qualified immunity when they should have known their conduct would violate the plaintiff's constitutional rights. *White v. Pauly,* 580 U.S. 73, 79–80 (2017).

---

[3] As the Court finds Plaintiff alleges no constitutional violation, the Court does not reach Defendant's specific arguments that Plaintiff fails to establish constitutional violations under the Fourteenth or Fourth Amendments.

9

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Modica v. Taylor,* 465 F.3d 174, 179 (5th Cir. 2006) (internal quotations omitted). Determining whether qualified immunity applies is a two-step process. *Id.* First, the court considers whether the facts the plaintiff alleges make out a violation of a constitutional right. *Id.* If the plaintiff satisfies the first step, the court must ask whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* "To answer that question in the affirmative, [the Court] must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson,* 659 F.3d 359, 371–72 (5th Cir. 2011) (internal quotation omitted). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna,* 577 U.S. 7, 11 (2015) (internal quotation omitted).

A plaintiff seeking to overcome qualified immunity "must plead facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Plaintiff must state a claim for relief that is plausible on its face,

10

excluding conclusory statements not entitled to the assumption of truth. *Id*. (citing *Iqbal*, 556 U.S. at 678–79). Here, Plaintiff has failed to state a plausible claim for relief and failed to plead specific facts sufficient to overcome a qualified immunity defense. As such, Defendant is entitled to qualified immunity and dismissal is warranted.

### D.    Statute of Limitations

Defendant contends Plaintiff's claims are barred by the statute of limitations as Plaintiff did not "bring suit," as defined under Texas law, because he did not perfect service of process within two years. (ECF No. 3 at 16).

"Section 1983 does not prescribe a statute of limitations." *Heilman v. City of Beaumont*, 638 Fed. Appx. 363, 366 (5th Cir. 2016). Instead, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see Piotrowski*, 237 F.3d at 576. The accrual date of a § 1983 claim is a question of federal law that is not resolved by reference to state law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the limitations period begins to run when the plaintiff "knows or has reason to

know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (citations omitted). The plaintiff must know of the injury and the causal connection between the defendant and the injury. *Piotrowski*, 237 F.3d at 576. The limitations period generally runs "until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (citing *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987); FED. R. CIV. P. 3).

Defendant acknowledges Plaintiff's claims stem from his arrest on October 23, 2022, and the complaint was filed two years later on October 23, 2024. (*See* ECF No. 3 at 15). Claims of false arrest and excessive force begin the day those injuries occurred. *Humphreys v. City of Ganado, Tex.*, 467 F. App'x 252, 255 (5th Cir. 2012). Defendant contends Plaintiff's claims are barred because Defendant was not served, in accordance with Texas law, until after the two-year limitations period expired. (ECF No. 3 at 15). "'However, the Texas rule requiring due diligence in service . . . [generally] does not apply to Section 1983 claims filed in federal court.'" *Jones v. Lamar County*, No. 4:21-cv-156, 2022 WL 17175071, at *12 (E.D. Tex. Sept. 9, 2022) (quoting *Vela v. City of Austin Tex.*, No. 1-15-cv-1015, 2016 WL 1583676, at *3 (W.D. Tex. Apr. 19, 2016) (citing *Gonzales*, 157 F.3d at 1021 n.1) (concluding the Texas due diligence rule for service of process does not apply to Section § 1983 actions in

12

Texas federal court); (citing *Scott v. Cypress Creek Emergency Med. Servs.*, No. 06-cv-1436, 2007 WL 2209268, at *1 (S.D. Tex. July 27, 2007) ("'the Texas due diligence rule does not apply to claims asserted pursuant to 42 U.S.C. § 1983 filed in federal court.'"); *Onyebuchi v. Volt Mgmt. Corp.*, No. 4:04-cv-576-A, 2005 WL 1981393, at *2 (N.D. Tex. Mar. 31, 2005) (citing *Gonzales*, 157 F.3d at 1021 n.1) ("'Although this rule arguably applies to state law claims brought in federal courts, the Fifth Circuit has indicated that it would not apply to claims based on federal law.'"))).  "The Texas diligence requirement applies to federal claims in limited circumstances, not present here, where the court's jurisdiction is based on diversity or where an untimely claim originally filed in state court is removed to federal court."  *Jones*, 2022 WL 17175071, at *12 (additional citations omitted).

Accordingly, the service requirement Defendant argues bars Plaintiff's claim as untimely does not apply to the extent Plaintiff's threadbare complaint alleges § 1983 violations.  Based on the foregoing, Plaintiff's complaint was timely filed two years after he was arrested.

### E.    Governmental Immunity

Lastly, Defendant asserts Plaintiff's claims are barred by governmental immunity as he "does not state a claim within the [Texas] Tort Claims Act's limited waiver of immunity for injuries caused by [the] government's use of

tangible property, motor vehicles, or motor driven equipment." (ECF No. 3 at 17).

Sovereign immunity shields a state from suit unless it expressly consents to being sued. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Under Texas law, a governmental unit is immune from tort liability unless the legislature has waived immunity, or the governmental unit has consented to suit. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (noting a state can consent to suit); *Dall. Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998) (discussing legislative waiver). The Texas Tort Claims Act (the "TTCA") "'creates a limited waiver of sovereign immunity.'" *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009) (quoting *Johnson v. Waters*, 317 F. Supp. 2d 726, 738 (E.D. Tex. 2004)). Plaintiff bears the burden of pleading facts "that affirmatively demonstrate jurisdiction by alleging a valid waiver of immunity." *Id.* (citing *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003)).

Here, Plaintiff pleads no facts alleging a valid waiver of immunity and the Court recommends his claims be dismissed.

14

3em

### F.    Leave to Amend

Rule 15(a) requires a trial court to grant a party leave to amend a complaint freely, and the language of the rule "evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).  By no means is leave to amend automatic, but the court must have a "substantial reason" to deny a party's request to do so.  *Id.*  In deciding whether to grant or deny a motion to amend, the court may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment."  *Id.* (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)).  Further, denial of a motion for leave to file an amended complaint is within the Court's discretion when the amendment would be futile.  *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).  The "futility standard" is "the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).  Leave to amend is also not required where the plaintiff has already pled his best case.  *Kastner v. Lawrence, et al.*, 390 F. App'x 311, 316 (5th Cir. 2010) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Here, Plaintiff has not requested leave to amend, the deadline to seek leave to amend has passed (ECF No. 8), he has not asserted what material facts would be included if given leave to amend, has not responded to Defendant's Motion, which has been pending several months, failed to participate in the Rule 26 joint discovery case management plan (ECF No. 9), and has failed to allege any facts in support of his claim or to overcome a qualified immunity defense. Given Plaintiff's complete lack of participation in this lawsuit,[4] failure to comply with a court order, failure to allege any facts to establish any constitutional violation or overcome Defendant's entitlement to qualified immunity, the Court finds allowing Plaintiff leave to amend would be futile.

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendant's Motion to Dismiss (ECF No. 3) be **GRANTED** and Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE**.

---

[4] In determining whether to allow leave to amend, the court may consider Plaintiff's failure to take advantage of earlier opportunities to amend. *See Quintanilla v. Texas Television Inc.*, 139 F.3d 494, 499 (5th Cir. 1998). In this case, Defendant's Motion has been pending since December 12, 2024. (ECF No. 3). As such, Plaintiff has been aware of the many deficiencies with his complaint and has failed to respond to the Motion or request amendment.

16

**SIGNED** in Houston, Texas on May 5, 2025.

Richard W. Bennett
United States Magistrate Judge